**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim No: 1997A13645 |
| | § | |
| vs. | § | |
| | § | |
| Toye M. Martin | | |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

## Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

## Venue

2. The defendant is a resident of Genesee County, Michigan within the jurisdiction of this Court and may be served with service of process at 2965 Mackin Road, Flint, Michigan 48504.

## The Debt

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,963.56 |
| B. Current Capitalized Interest Balance and Accrued Interest | $3,386.84 |
| C. Administrative Fee, Costs, Penalties | $30.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$5,380.40** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

**Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

**U.S. DEPARTMENT OF EDUCATION**

**CERTIFICATE OF INDEBTEDNESS**
**SAN FRANCISCO, CALIFORNIA**

| | |
|---|---|
| Name: | Toye M. Martin |
| AKA: | N/A |
| Address: | 7499 Gillespie Ave. |
| | Flint, MI 48505 |
| SSN | |

Total debt due United States as of: 07/09/97 $2,983.48

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $1,963.56 from 07/09/97 at the annual rate of 8%. Interest accrues on the principal amount of this debt at the rate of $0.43 per day.

The claim arose in connection with a Government insured or guaranteed loan(s) made by a private lender and assigned to the United States.

On 08/09/89 the debtor executed promissory note(s) to secure loan(s) from Bank One, Merrillville c/o USA Funds - Indianapolis, IN under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 2/28/90 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $127.56, thereby increasing the principal balance due to $1,963.56.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

| | |
|---|---|
| Principal: | $1,963.56 |
| Interest: | $1,019.92 |
| Administrative/Collection Costs: | $0.00 |
| Penalites: | $0.00 |

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

7/17/97
(Date)

James Lemieux
Loan Analyst

STATE STUDENT ASSISTANCE COMMISSION OF INDIANA

# Application and Promissory Note for a Guaranteed Student Lo

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097. 05252 SC8/5 AG- X-000018-08

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK

1A Social Security Number

1B Correct item 1A in this space.

2A Last Name, First, M.I., Permanent Home Address: 4208 Jefferson Gary In 46409 Martin, Toye M.

2B Correct Item 2A in this space
Name: Martin, Toye M.
Address: 4208 Jefferson
City, State, Zip: Gary In 46

3 Birthdate

4 Driver's License State No. N/A

5 Area Code/Phone No. no Phone

6 U.S. Citizenship Status (check one) [X] 1 Citizen [ ] 2 Eligible Non-Citizen — Alien ID No.

7 References — You must provide separate adult references with different addresses (carefully read instructions).

| | Name | Street, City, State, Zip | Area Code/Phone No. | Employer |
|---|---|---|---|---|
| A | Wanda Davis | 4272 Mass. Gary In 4 | | |
| B | Cheryl Kindred | 1973 Conn Gary In 46 | | |
| C | Verlean Davis | 3317 Conn. Gary In 46410 | | |

8 Intended Enrollment Status (check one) [X] 1 Full-time [ ] 2 At least half-time

9 Major Course of Study: EA M41

10 Requested Loan Amount: 2100 .00

11 Loan Period For this Loan. Student. From 08-89 To 02-9

12 Have you ever defaulted on an Education Loan? (check one) If yes, carefully read instructions. [ ] 1 Yes [X] 2 No

13 Do you have any unpaid student loans? (check one) If yes, carefully read instructions. If no, complete 13A through 13E with zeroes. [ ] 1 Yes [X] 2 No

13A Total unpaid balance of your most recent GSL. 0 .00

13B Interest rate on your most recent GSL. 0 %

13C Grade level of your most recent GSL: NA

13D Beginning and ending dates of your most recent GSL. From NA To

13E Total unpaid balance of all your Guaranteed Student Loans or any portion of these loans included in your Consolidation Loan. 0 .00

14 Name and Address of Previous Lender, if any. N/A

SEE INSTRUCTIONS ON THE FRONT OF THE BOOKLET FOR ITEMS 15, 16, AND 19B.
15. PERMANENT RESIDENT OF / / SINCE MONTH / / YEAR / /
16. TEMPORARY SCHOOL ADDRESS AND PHONE

## Promissory Note for a Guaranteed Student Loan

I. Promise To Pay. I, the undersigned borrower, promise to pay you or your order when this Note becomes due a sum certain equal to the loan amount I have requested in Section I, ITEM 10 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph VI. My signature certifies that I have read, understand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application booklet.

I understand that this is a Promissory Note. I will not sign this Promissory Note be reading it including the writing on the reverse side, even if otherwise advised. borrower, I am entitled to an exact copy of this Promissory Note, the Notice of L Guarantee and Disclosure Statement, and any agreement I sign. By signing Promissory Note I, the borrower, acknowledge that I have received an exact c of this Note.

19A x Toye M. Martin 8-9-89
Signature of Student Borrower Date

Notice to Student: Terms of the Promissory Note continue on the reverse side. Retain Copy D for your records.

## SECTION II — TO BE COMPLETED BY THE SCHOOL

20 Name and Address of School: DAVENPORT COLLEGE, 8200 GEORGIA STREET, MERRILLVILLE, IN 46410

21 School Code: 102249

22 Area Code/Phone No.: (219) 769-5556

23A Grade Level Code: 1

23B Corr Item in this sp

24A Anticipated Completion Date Mo. Yr.: 5/90

24B Correct Item 24A in this space

25 Enrollment Period Covered by Loan Mo. Day Yr.: 8/7/89 — 2/9/90

26 Family Adjusted Gross Income: $0 .00

27 Estimated Cost of Attendance For Loan Period: $7,205.00

28 Estimated Financial Aid for Loan Period: $2,350 .00

29A Expected Family Contribution: $103 .00

30 Difference (27 minus the sum of 28 plus 29): $4,752

31 Recommended Disbursement Date Mo. Day Yr.: 8/24/89 11/24/89

29B Correct Item 29A in this space.

32 I have read and understand the terms of the school certification printed on the back of the Application. Signature of Authorized Fin. Aid Director

Type or Print Name and Title: JAN LOFTIS FINANCIAL AID COORDINATOR

Date: 8/10/89

## SECTION III — TO BE COMPLETED BY THE LENDER

33

34 Name and Address of Lending Institution: BANK ONE, MERRILLVILLE C/O USA FUNDS P. O. BOX 50429 INDIANAPOLIS, IN 46250-0429

35 Loan Amount Approved: .00

36 Interest Rate: 8 %

37 Fee

38 Lender Code: 822481

39 Anticipated Disbursement Date(s) Mo. Day Yr. Mo. Day Yr. Mo. Day Yr.

40 Signature of Authorized Lending Official

Type or Print Name and Title Date

41 Area Code/Phone No.: 800-824-7044

42 For Lender Use Only

USA Funds Form 115C 9/87 P1

# Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due.** I will repay this loan: 1) in periodic installments beginning no later than the end of my grace period as disclosed to me in the Notice of Loan Guarantee and Disclosure Statement; or 2) in full immediately if I fail to enroll at and attend the school which certified this Application for the academic period intended, in which case I will not be eligible for a grace period. During the grace period, I may request that repayment may begin before my grace period ends.

**III. Interest.** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. If I have an outstanding Student Loan(s) with an interest rate of 7%, 8% or 9%, the interest rate on this loan will be the same as that on my outstanding loan(s). If I have no outstanding Guaranteed Student Loan, the interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. The Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the Lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.

Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

The Lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of the guarantor governing the GSLP. All payments will be made to your address as specified on the Notice of Loan Guarantee and Disclosure Statement or to any other address you notify me of.

**IV. Origination and Guarantee Fees.** I will pay to you an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. You will deduct this fee proportionately from each disbursement of principal of this loan. I will also pay you an amount equal to the guarantee fee that you are required to pay to the guarantor for this loan. I am entitled to a refund of the origination and guarantee fee paid in respect to this Note, if I pay back this Note in full within 120 days of disbursement or I return the uncashed loan check to you. The amount of the origination and guarantee fees will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the guarantor finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments, or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will also be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. The Lender, holder or guarantor may disclose to schools I have attended (or am currently attending) the information about the default and I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Byrd Scholarship, Supplemental Education Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loans), Guaranteed Student Loan, Supplemental Student Loans (SLS), PLUS Loans, or an Income Contingent Loan or a Consolidation Loan. A default also makes me ineligible for the benefits, if any, which may qualify for as described under Deferment, Paragraph VIII and under Interest, Paragraph III. If this loan is referred for collection to any agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs.

**VI. Late Charges and Collection Costs.** If any required installment payment has not reached you within 10 days after its due date or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which rate charged shall not exceed six cents for each dollar of each late installment. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the statutorily authorized fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan.

**VII. Additional Agreements.** The proceeds of this loan will be sent to the school listed on my Application and be used only for education expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. If the guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the guarantor will become the owner of this Note and as my creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. If the borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be cancelled from default. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to this loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note. In this Note the words I, me, and my mean the borrower identified in ITEM 2 of Section I of the Application and any cosigner of this Note. You, your and yours mean the Lender and any other owner of the Note.

**VIII. Deferment.** I am entitled to deferments under the Higher Education Act, as amended and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information highlighted in the Application booklet.

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of this Promissory Note until the loan is paid in full. I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

1. If, during the grace period, I request a shorter repayment period, the Lender may grant me a shorter period.
2. The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding — we pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.
3. If I qualify for postponement of my payments during any period described under DEFERMENT in this Promissory Note, or if the Lender grants "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as Repayment Schedule, that the Lender will provide to me normally just before the repayment period begins. I further agree that the Lender may grant me a forbearance ... the first payment date of this loan with other loans reflected ...

**X. Prep...** the principal ... of any unea...

**XI. Cr...** this loan ... If I default ... bureau ... This may ... The Lend... about th... on the ... The Len... regardin... reporter...

## Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the Lender any refund with may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the Lending Institution, subsequent holder, guarantor, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this Application will be used for education expenses for the loan period covered by this Application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that school for the loan period stated in ITEM 25. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Byrd Scholarship, Supplemental Grant, or State

Stud... Ser... Gra... Loa... Ter... Ind... Sta... me... The...

Pay to the order of the State of Indiana without recourse, provided, however, notwithstanding this endorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and the State of Indiana, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by the State of Indiana.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to the State of Indiana, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by the State of Indiana of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, the State of Indiana will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by the State of Indiana of the undersigned's claim and acceptance by the State of Indiana of transfer of this instrument in consideration thereof, the State of Indiana has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

By ______ Title (Cashier, Treasurer)

By [signature] Title [handwritten] Date [handwritten]

SSACI Form 225 3/85

I CERTIFY UNDER PENALTY OF PERJURY THAT [illegible] TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

NAME DATE